UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                         CASE NO. 8:08-Cr-381-T-24EAJ

JOSEPH NELSON SWEET and
JACK LEE MALONE

**GOVERNMENT'S MOTION IN LIMINE CONCERNING
ANTICIPATED EVIDENCE, ARGUMENT, AND GOOD FAITH DEFENSE**

The United States of America ("United States" or "government"), by and through its undersigned counsel, hereby submits this Motion in Limine to exclude arguments, exhibits and testimony that are irrelevant, would confuse the jury, and/or would invade the Court's province in instructing the jury on the law. The specific evidence and arguments are set forth in detail below. In support of this motion, the government submits the following incorporated Memorandum In Support.

**MEMORANDUM IN SUPPORT**

**I. INTRODUCTION**

The government respectfully requests that the Court preclude the defendants from presenting at trial certain evidence or arguments that are irrelevant, would confuse the jury, and/or would invade the Court's province in instructing the jury on the law. Based on documents obtained during the execution of search warrants, statements and documents obtained by an undercover agent from both defendants, interviews with numerous clients of the defendants' tax avoidance activities, and both defendants' filings in related civil tax proceedings, the government anticipates that the defendants

may attempt to present at trial evidence regarding the following positions currently or previously asserted by the defendants, all of which are misleading, confusing, incorrect and/or inaccurate statements of law. Such evidence, positions, and legal arguments include:

(1) that the Internal Revenue laws and/or the Sixteenth Amendment to the United States Constitution are unconstitutional and invalid (and thus the Internal Revenue Service ("IRS") lacks jurisdiction in such cases);[1]

(2) that the filing of income tax returns is voluntary and not mandatory;[2]

(3) that the defendant is not a "person," "individual," or "citizen" within the meaning of the statute that imposes an obligation to file a return and pay tax on "any person" meeting the necessary requirements;[3]

---

[1] Courts have held that any argument that the Sixteenth Amendment is invalid is absurd and frivolous. *See e.g.*, *Pollard v. Commissioner, Internal Revenue Service*, 816 F.2d 603, 604 (11th Cir. 1987) (finding such arguments to be frivolous); *Stubbs v. Commissioner of Internal Revenue Service*, 797 F.2d 936 (11th Cir. 1986) (finding Stubbs argument to be without merit); *In re Becraft*, 885 F.2d 547, 548 (9th Cir. 1989) (imposing sanctions on defense attorney for assertion of frivolous 16th Amendment argument); *United States v. Stahl*, 792 F.2d 1438, 1441 (9th Cir. 1986), *cert. denied*, 479 U.S. 1036 (1987); *Betz v. United States*, 40 Fed. Cl. 286, 295 (1998); *Sochia v. Commissioner*, 23 F.3d 941, 944 (5th Cir. 1994), *cert. denied*, 513 U.S. 1153 (1995); *United States v. Benson*, 941 F.2d 598, 607 (7th Cir. 1991); *United States v. Sitka*, 845 F.2d 43, 47 (2d. Cir.), *cert. denied*, 488 U.S. 827 (1988); *United States v. Buckner*, 830 F.2d 102 (7th Cir. 1987); *Wells v. Clinton*, 1996 WL 807430 (W.D.N.C., Nov. 15, 1996), *aff'd*, *Wells v. Clinton*, 116 F.3d 1474 (4th Cir.1996).

[2] The filing of income tax returns is not voluntary. *Wilcox v. Commissioner*, 848 F.2d 1007, 1008 (9th Cir. 1988); *United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993) (claim that payment of federal income tax is voluntary lacks substance); *Lonsdale v. United States*, 919 F2d 1440, 1448 (10th Cir. 1990); *Newman v. Schiff*, 778 F.2d 460, 467 (8th Cir.1985). Courts have excluded evidence that the tax system is based upon voluntary compliance. *United States v. Hurd*, 549 F.2d 118,120 (9th Cir. 1977); *United States v. Hartman*, 915 F.Supp. 1227, 1230 (M.D. FL 1996) (any such assertion is without merit).

[3] Courts have called this argument "frivolous," "patently frivolous," "fatuous," and "obviously incorrect." *United States v. Romero*, 640 F.2d 1014,1016 (9th Cir. 1981); *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990); *United States v. Karlin*, 785 F.2d 90, 91 (3d Cir. 1986), *cert. denied*, 480 U.S. 907 (1987); *Biermann v. Commissioner of Internal Revenue*, 769 F.2d 707 (11th Cir. 1985). Similar arguments that the defendant was an "individual" and therefore not a "taxpayer" have also been rejected. *See United States v. Hanson*, 2 F.3d 942, 945 (9th Cir. 1993); *United States v. Studley*, 783 F.2d 934,937 n. 3 (9th Cir. 1986); *United States v. Ward*, 833 F.2d 1538 (11th Cir. 1987) (rejecting argument that only foreign corporations are expressly and statutorily liable for tax). "All individuals, natural or unnatural, must pay federal

(4) that the defendants and others have a right to a response to various letters or petitions they have filed with the IRS and have a right to withhold the payment of taxes or filing of income tax returns unless the IRS responds to their letters or petitions;[4]

(5) that the defendant is not subject to federal income taxes because he is a "sovereign" citizen of a particular state;[5]

---

income tax. . ." *Lovell v. United States*, 755 F.2d 517, 519 (7th Cir. 1984).

[4]Testimony by the defendants or other individuals that they have a right to a response to various letters or petitions they have filed with the I.R.S. and have a right to withhold the payment of taxes or filing of income tax returns unless the I.R.S. responds to their letters or petitions, should be excluded.

In *We the People v. United States, et al.*, 2005 WL 2473698, *1-*2 (D.D.C. 2005), *affirmed*, 485 F.3d 140, 141 (D.C. Cir. 2007), the defendant Mary Ann MacLean tried to advance the above arguments on behalf of civil plaintiffs. In that case, many of the plaintiffs did not withhold or pay to the government income tax because they had not received responses to their letters, petitions, or other "tax protest" material. Plaintiffs specifically argued that: 1) they had a constitutional right to a response to the petitions they had filed with the I.R.S. and other government agencies, and 2) the defendants had committed constitutional torts against the plaintiffs by failing to respond to their petitions. The trial court granted the defendants' motion to dismiss. The trial court stated that: "[t]he Supreme Court has held that 'the First Amendment does not impose any affirmative obligation on the government to listen, to respond or ... to recognize the association and bargain with it." *Id.* at *1, citing *Smith v. Ark. State Highway Employees, Local 1315*, 441 U.S. 463, 465 (1979).

The court went on to describe the proper method for challenging the legality of tax enforcement actions, *Id.* at *2, procedures which the plaintiffs did not pursue. The court, citing numerous other decisions by other circuits, held that the plaintiffs did "not have a First Amendment right to withhold money owed to the government and to avoid governmental enforcement actions because they object to government policy." *Id.* (First Amendment does not encompass a right to receive a government response to or official consideration of a petition.) *See also United States v. Pilcher*, 672 F.2d 875, 877 (11th Cir.), *cert. denied*, 459 U.S. 973 (1982) (citing *United States v. Smith*, 618 F.2d 280, 282 (5th Cir. 1980) ("The failure to provide amounts on income tax returns cannot be justified out of a political disagreement with the tax laws or in protest against the policies of the Government."))

Any such argument in the instant case should be excluded pursuant to both Rule 401 and Rule 403.

[5] The argument that one is not subject to federal law because he or she is not a citizen of the United States, but a citizen of a particular "sovereign" state has been rejected time and again by the courts. *See United States v. Jagim*, 978 F .2d 1032, 1036 (9th Cir. 1992) (rejected "imaginative" argument that defendant cannot be punished under the tax laws of the United States because he is a citizen of the "Republic" of Idaho currently claiming "asylum" in the "Republic" of Colorado); *United States v. Cooper*, 170 F.3d 691, 691 (7th Cir. 1999) (imposed sanctions on tax protester defendant making "frivolous squared" argument that only residents of Washington, D.C. and other federal enclaves are citizens of United States and subject to federal tax laws); *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (rejected "patently frivolous" argument that defendant was not a resident of any "federal zone" and therefore not subject to federal income tax laws); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (rejected "shop worn" argument that defendant is a citizen of the "Indiana State Republic" and therefore an alien beyond the jurisdictional reach of the federal courts); *United States v. Silevan*, 985 F .2d 962, 970 (8th Cir. 1993) (rejected as "plainly frivolous" defendant's

3

(6) that paying income taxes is voluntary;[6]

(7) that income is not taxable unless it is earned as a result of doing business in alcohol, tobacco, firearms or tires;

(8) that the United States District Court for the Middle District of Florida does not have jurisdiction over criminal offenses enumerated in the Internal Revenue Code;[7]

(9) that the IRS is not an agency of the federal government but is a private corporation; and

(10) that Title 26 of the U.S. Code is not "law."[8]

## II.    THE CHARGES

Both defendants in this case are charged in Count One with engaging in a conspiracy to defraud the United States for the purpose of impairing, impeding, obstructing and defeating the lawful government functions of the IRS from in or about November 1999 to in or about August 2003, in violation of Title 18, United States Code,

---

argument that he is not a "federal citizen").

[6] Testimony by any defense witness that wages do not constitute gross income under the Internal Revenue Code should be excluded. This is neither a factual question for the jury, nor does it constitute a legal defense. In *Hyslep v. United States*, 765 F.2d 1083 (11th Cir. 1985) (per curiam), the Court held, "Thus, the argument that individual wage earners are not subject to income tax is completely frivolous and without merit." *Id.* at 1084. *See also Biermann v. Comm'r of Internal Revenue*, 769 F.2d 707, 707 (11th Cir. 1985); *Barnett v. United States Government*, 2003 WL 21995489, *2 (M.D.Fl. 2002).

Likewise, payment of income taxes is not voluntary and an assertion to the contrary is frivolous. *Pilcher*, 672 F.2d at 877 ("Every income earner is required to file an income tax return."); *United States v. Hartman*, 915 F. Supp. 1227, 1230 (M.D.Fl. 1996) (payment of taxes is not voluntary).

[7] United States District Courts have original jurisdiction over "all offenses against the laws of the United States," including those defined by the Internal Revenue Code. 18 U.S.C. § 3221; *United States v. Studley*, 783 F.2d 934, 937 n. 3 (9th Cir. 1986); *United States v. Przybyla*, 737 F.2d 828, 829 (9th Cir. 1984), *cert. denied*, 471 U.S. 1099 (1985); *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990) (citing cases).

[8] The Ninth Circuit has held this contention to be frivolous. *Ryan v. Bilby*, 764 F.2d 1325, 1327 (9th Cir. 1985).

4

Section 371. In addition to Count One, the superseding indictment also charges defendant SWEET with substantive offenses in Counts Two through Four. Count Two charges that SWEET corruptly endeavored to obstruct and impede the due administration of the internal revenue laws, in violation of Title 26, United States Code, Section 7212(a). Counts Three and Four alleges that on or about March 2, 2005 and January 1, 2006, SWEET committed criminal contempt by willfully disobeying and resisting a lawful court order in violation of Title 18, United States Code, Section 401(3). The Order that SWEET is alleged to have disobeyed was issued on February 20, 2002 by United States District Judge Steven D. Merryday, in which the Court explicitly enjoined SWEET, EDM Enterprises and their "representatives, agents, servants, employees, attorneys, and others acting in concert with any of them" from, among other things, promoting, marketing, or selling any abusive tax arrangement (including SWEET's book "Good News for Form 1040 Filers") or "Unincorporated Business Trust Organizations" ("UBTO's").

As noted above, the government anticipates that the defendants may attempt to address at trial the issue of willfulness through inappropriate and inadmissible evidence and argument. In a case such as this, willfulness is defined as the "voluntary, intentional violation of a known legal duty." *Cheek v. United States*, 498 U.S. 192, 200 (1991).

## III.  ARGUMENT

### A. The Defendants Should Be Precluded From Presenting Evidence or Argument That Would Invade The Court's Province of Instructing The Jury Regarding The Law or That Is Irrelevant.

It is well established that "in our judicial system the court instructs the jury on the applicable law and directs the jury to determine the facts from the evidence and to apply the law as given by the court. . . ." *United States. v. Garber*, 589 F.2d 843, 849 (5th Cir. 1979).  Therefore, as the court explained in *United States v. Willie*, 941 F.2d 1384, 1396 (10th Cir. 1991):

> "The law is given to the jury by the court and not introduced as evidence. . . .  Obviously, it would be most confusing to a jury to have legal material introduced as evidence and then argued as to what the law is or ought to be."  The law is the singular province of the judge.  Juries only decide facts, to which they apply the law given to them by the judge.  They may not decide what the law is and should not be given the opportunity to do so.

(quoting *Cooley v. United States*, 501 F.2d 1249, 1253-54 (9th Cir. 1974)) (internal citations omitted).

Additionally, the Federal Rules of Evidence clearly state that jury trial proceedings shall be conducted, to the extent practicable, in a manner that prevents inadmissible evidence from being suggested to the jury.  Fed. R. Evid. 103(c).  It is fundamental that "evidence which is not relevant is not admissible."  Fed. R. Evid. 402.  "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.

Even if evidence is arguably "relevant," the Court should exclude the evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403;  *Willie*, 941 F.2d at 1395-96 (10th Cir. 1991), *cert. denied*, 502 U.S. 1106 (1992) (tax protester's exhibits excluded "because they were confusing, because the danger of the jury's misuse was great, and because the relevant point was provable by other evidence"); *United States v. Payne*, 978 F.2d 1177, 1182 (10th Cir. 1992), *cert. denied*, 508 U.S. 950 (1993); *Mann*, 884 F.2d at 537 (trial court granted broad discretion in ruling on the relevance of evidence and in determining whether relevance is outweighed by potential prejudice); *United States v. Buckner*, 830 F.2d 102 (7th Cir. 1987).  *But see*, *United States v. Gaumer*, 972 F.2d 723, 724 (6th Cir. 1992) (finding the *Willie* dissent persuasive that material the defendant knew of supporting his professed view would be admissible if "nexus" existed between material and the defendant's stated views), *cert. denied*, 513 U.S. 954 (1994).  Thus, the jury should not be exposed to (1) argument or evidence concerning the law, or (2) argument or evidence that is not relevant or runs afoul of Rule 403, Fed. R. Evid.

      B.    <u>The Defendants Should Be Precluded From Presenting Evidence or Argument Relating to What The Law Should Be.</u>

Federal trial courts have struggled over precisely how to allow a criminal tax defendant to present a good faith defense to the element of willfulness.  Perhaps the best discussion of the line between permissible and impermissible evidence of good faith was offered by the court in *United States v. Williie*, 941 F.2d 1384 (10th Cir. 1991),

*cert. denied*, 502 U.S. 1106 (1992), a case involving tax protester defenses. The court noted therein that:

> "Willfulness" is defined as the "voluntary, intentional violation of a <u>known legal duty</u>." *Cheek v. United States*, 111 S. Ct. at 610 (emphasis added). To be a relevant defense to willfillness then, [a defendant], because of his belief or misunderstanding, must not have known he had a legal duty. *Id.* at 611 (defendant must be "ignorant of his duty"). * * * In *Cheek*, the Supreme Court stated that "a defendant's views about the validity [or constitutionality] of the tax statutes are irrelevant to the issue of willfulness [and] need not be heard by the jury. . . . [I]t makes no difference whether the claims of invalidity are frivolous or have substance." *Id.* at 613. * * *
> . . . [P]roof of the reasonableness of a belief that he should not have a duty only proves the reasonableness of the defendant's disagreement with the existing law and is, therefore, properly excluded as irrelevant.

*Id*. at 1392.

*Cheek,* as elucidated in *Willie*, defines the good faith defense to willfulness in tax cases: a mistaken belief by the defendants that the law did not require them to file a tax return or pay a tax. *See United States v. Dack*, 987 F.2d 1282, 1285 (7th Cir. 1993); *United States v. Powell*, 955 F.2d 1206, 1212 (9th Cir. 1991). Therefore, any testimony by the defendant as to what he thinks or previously thought the law *should be*, as well as his current or prior views on the constitutionality and validity of the law, is irrelevant and must be excluded.

    C.    <u>The Defendants Should Be Precluded From Presenting Evidence or Argument Relating to The Constitutionality and Validity of The Tax Laws.</u>

In criminal tax cases, defendants should be precluded from presenting evidence or argument regarding the constitutionality or validity of the tax laws. *See, e.g., Powell*, 955 F.2d at 1214. A defendant's view regarding the constitutionality and

8

validity of the tax laws is irrelevant because a mere disagreement with the tax laws is no defense to any of the charges contained in the Indictment. *See, e.g., Cheek*, 498 U.S. at 202-03 and n.8; *Dack*, 987 F.2d at 1285 (precluding "[a]rguments which challenge the constitutionality or validity of the tax laws"); *Powell*, 955 F.2d at 1212; *United States v. Hairston*, 819 F.2d 971, 973 (10th Cir. 1987) (good faith belief that the laws are unconstitutional provides no defense). In *Cheek*, the Supreme Court held that "a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper." *Cheek*, 498 U.S. at 206. Thus, the defendants should only be permitted to introduce *factual* evidence upon which they relied to form their opinions during the charged period.

The defendants should be precluded from presenting evidence or argument regarding one or more frivolous defenses such as attacking or questioning the validity of the Fourteenth or Sixteenth Amendments or the tax laws. By granting this motion, the Court will prevent the defendants from "transform[ing] legal argument from an intellectual process aimed at the derivation of the correct legal principle to a carnival of frivolity aimed at disseminating defendant's political views." *United States v. Collins*, 920 F.2d 619, 633 (10th Cir. 1990), *cert. denied*, 500 U.S. 920 (1991). One court noted "[a]rgument reflecting such contemptuous disregard for established legal authority has no place within this circuit." *Id*. at 630; *see also United States v. Bowers*, 920 F.2d 220, 222 (4th Cir. 1990) (the duty to pay federal tax is "manifest on the face of the statutes, without any resort to IRS rules, forms or regulations").

D.  The Defendants Should be Precluded from Eliciting Certain Testimony from Lay Witnesses.

The government anticipates that the defendants may wish to introduce testimony of two types of lay witnesses: (1) those who knew the defendants personally and (2) those who share the defendants' views of the tax system. It is *not* permissible for witnesses of the first type to express their opinions as to what the defendants purportedly believed, as this calls for speculation regarding the true contents of the defendants' minds. The issue of whether the defendants truly believed, albeit mistakenly, that they were not required to file tax returns and pay income taxes is an ultimate issue of fact for the jury alone to decide. *See United States v. Hauert*, 40 F.3d 197, 201-202 (7th Cir. 1994) ("by the nature of a tax protestor case, defendant's beliefs about the propriety of his filing returns and paying taxes, which are closely related to defendant's knowledge about tax laws and defendant's state of mind in protesting his taxpayer status, are ordinarily not proper subject for lay witness opinion testimony absent careful groundwork and special circumstances . . . ").

Witnesses of the second type should be precluded from testifying as to their own subjective beliefs regarding tax laws as this is irrelevant to the subjective beliefs of the defendants. Only the defendants' subjective beliefs are at issue. The jury will not be asked to determine whether other individuals in good faith believed that income is generally not taxable and there is no requirement to file a tax return.

E.  The Defendants Should Be Precluded From Presenting Evidence or Argument Relating to Inaccurate Interpretations of The Tax Laws That Were Not in Fact Relied Upon by The Defendant

The Court should carefully analyze testimony or documents relating to inaccurate interpretations of the tax laws to determine the purpose for which the

10

defendants offer them. Although a trial court in a tax case may exclude evidence of what the law is or should be, as discussed above, it ordinarily cannot exclude evidence relevant to the jury's determination of what a defendant thought the law was. *See, e.g., Willie*, 941 F.2d at 1392-94; *Powell*, 955 F.2d at 1214. The government anticipates that the defendants may attempt to offer evidence of a good faith belief in their position through case law, statutes, regulations, treatises, pamphlets, brochures and other documents. Such material is potentially problematic because it can have either a proper purpose ( *i.e.*, "to prove his understanding of the law . . . as he actually perceives it to be"), or an improper purpose (*i.e.*, "to prove his understanding of the law as it should be"), *Willie*, 941 F.2d at 1394. Therefore, before putting on evidence of a legal position or belief, each defendant should be required to make a precise and persuasive showing that the type of position or belief he seeks to address is relevant – namely his belief as to what the law was. This was the conclusion the court reached in *Willie*:

> The defendant must, therefore, persuasively show the trial judge that the evidence is being offered for a permissible purpose by making a proffer of great specificity regarding the type of belief he seeks to prove. A mere statement that the evidence is [being offered to] show sincerity of belief is not enough. Without a particularized explanation the trial judge will likely focus on the impermissible aspects of the proffered material, and will be unaware of the possible limited purpose available to the offering party.

941 F.2d at 1393 (emphasis added). A specific showing should be required in all aspects of presentation of a good faith defense, including testimony of the defendant, admission of documentary evidence, case law, testimony of any experts, and cross-examination of government witnesses. In this connection, the defendants should likewise not be permitted to introduce self-serving hearsay which *they* created in the

11

guise of establishing their good-faith defense.

        (i)       <u>The defendants must show actual reliance on corroborative evidence offered.</u>

Claimants of the good faith defense to willfulness in criminal tax trials often seek to bolster their testimony regarding their beliefs in the law with corroborative evidence, including documents, such as tax protester declarations or newsletters, court opinions, statutes, or testimony of expert witnesses regarding inaccurate interpretation of the tax laws or "counsel" who advised the defendants as to the state of the law. Such evidence contains inaccurate statements of the law, but arguably is relevant because it allows a defendant to show the jury how he came to hold his mistaken belief. Nonetheless, the probative value of such corroborative evidence depends on the extent to which the defendant actually relied on the evidence in arriving at his incorrect view of the law.

If the defendant fails to lay a proper foundation to establish such reliance, however, the evidence can be excluded as irrelevant and unnecessarily confusing. *Powell*, 955 F.2d at 1214. Likewise, it is improper for the defendant to raise such issues through his cross-examination of government witnesses regarding their interpretation of the tax laws. *United States v. Poschwatta*, 829 F.2d 1477, 1483 (9th Cir. 1987), *cert. denied* 44 U.S. 1064 (1988), *overruling on other grounds recognized in Powell*, 955 F.2d at 1213.

        (ii)      <u>The Court must balance probity versus prejudice or confusion.</u>

Even if a defendant somehow establishes that he, in fact, actually relied upon the evidence discussed above, the Court still must weigh whatever minimal probative value there may be against the substantial likelihood that such materials will confuse the jury

as to the law or mislead the jury. Fed. R. Evid. 403; *United States v. Barnett*, 945 F.2d 1296, 1301 (5th Cir. 1991); *Willie* 941 F.2d at 1395; *United States v. Burton*, 737 F.2d 439, 443 (5th Cir. 1984). The majority of courts that have addressed this issue have limited the presentation of the good faith defense to the testimony of the defendant, and the defendant's limited quotation of materials upon which he or she allegedly relied. *See United States v. Stafford*, 983 F.2d 25, 27-28 (5th Cir. 1993); *United States v. Payne*, 978 F.2d 1177, 1182 (10th Cir. 1992), *cert. denied*, 508 U.S. 950 (1993); *Barnett*, 945 F.2d at 1301; *Willie*, 941 F.2d at 1398; *Hairston*, 819 F.2d at 973; *United States v. Latham*, 754 F.2d 747,751 (7th Cir. 1985); *United States v. Kraeger*, 711 F.2d 6,7-8 (2d Cir. 1983).

The Court, in its discretion, must weigh the various competing interests and determine whether, to what extent, and in what form, legal material upon which a defendant claims to have relied should be admitted. *See, e.g., Willie*, 941 F.2d at 1398; Fed. R. Evid. 403. Factors to consider include: (1) the centrality of these materials to the defendant's claimed misunderstanding of the tax laws; (2) the materials' length and potential to confuse the jury; (3) the degree to which such materials are merely cumulative to defendant's testimony or to other evidence; (4) the extent to which the defendant may be attempting to use the materials to instruct the jury on the law or to propagate tax protester beliefs; and (5) the potential utility of limiting instructions. *See, e.g., Powell*, 955 F.2d at 1214; *Barnett*, 945 F.2d at 1301 and n.3; *Willie*, 941 F.2d at 1395-1396. Each of these factors weighs in favor of excluding the evidence.

    (iii)    <u>If the defendants interject any such evidence or arguments in the jury's presence, the Court should immediately give a limiting instruction.</u>

If any of the above evidence or argument is interjected into the proceedings, the

13

Court should immediately give the jury a limiting instruction. The effect of the instruction should be to: 1) inform the jury that they have heard testimony regarding the defendant's understanding of what the law was; 2) instruct the jury as to the correct state of the law and remind them that the Court is the sole judge of the law; and 3) inform the jury that the evidence is being offered solely for the purpose of showing the defendant's state of mind and not to prove the actual requirements of the law. *See Powell*, 955 F.2d at 1214; *Hairston*, 819 F.2d at 973 n.4.

**IV.    SPECIFIC MATTERS SUBJECT TO THE MOTION IN LIMINE**

The government has identified numerous items in the defendants' materials, filings and correspondence that appear to be irrelevant to the proceedings, would confuse the jury, or would interfere in the Court's duty to instruct the jury about the law. The defendant has cited to a significant number of legal authorities supporting his purported position(s), including state constitutions, federal court cases, irrelevant tribunals, Internal Revenue Code sections, and legal dictionaries. Based on the cases and argument cited herein, the government asks that the Court grant its motion in limine, and limit the defendant's presentation of legal evidence and argument according to the following:

>   A.    <u>Evidence or Argument Concerning What The Defendant Thought The Law Should Be; The Invalidity or Unconstitutionality of The Tax Laws; or Any Opinions Regarding The Tax Laws or The Internal Revenue Service or Its Employees</u>

No mention whatsoever should be made of these positions. This prohibition includes all aspects of the defendant's case, including, without limitation, opening statement, cross-examination of government witnesses, testimony of the

defendant, presentation of any defense, or closing argument.

      B.      <u>Evidence of What the Defendant Thought the Law Was</u>

Prior to the time any such evidence is offered or mentioned before the jury, the defendant must request the Court for permission to approach the Court outside the presence of the jury, and must make a showing of "great specificity" regarding the type and purpose of evidence sought to be admitted.

      (i)      <u>Materials and tangible documents</u>. Before mentioning or quoting from such materials, the defendant should seek permission to approach the Court outside the presence of the jury, and must make a showing of actual reliance upon the proffered material, in forming a misunderstanding of the requirements of the tax laws.

      (ii)      <u>Expert testimony</u>. No defense expert testimony should be allowed regarding the meaning, requirements, or reasonableness of the tax laws. Only upon an offer of proof of actual reliance may the defendant testify to, mention, or address in opening statement or closing argument any expert advice that he received.

      (iii)      <u>Lay Opinion Testimony</u>. No defense lay witness should be allowed to testify regarding his/her opinion of the meaning, requirements, or reasonableness of the tax laws. No defense lay witness should be allowed to testify regarding that witness' opinion of what the defendants believed with respect to the meaning, requirements, or reasonableness of the tax laws.

      (iv)      <u>Cross-examination</u>. The defendant may not cross-examine any government fact witness as to the legal meaning or interpretation of any provision of law.

## V. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court enter an order precluding the defendants from presenting evidence or arguments at trial that are irrelevant, would confuse the jury, and/or would invade the Court's province in instructing the jury on the law, unless done in accordance with the Court's instructions as set forth herein.

Respectfully submitted,

A. BRIAN ALBRITTON
United States Attorney

By: s/ *Cherie L. Krigsman*
CHERIE L. KRIGSMAN
Assistant United States Attorney
Florida Bar No. 0048764
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: 813/274-6344
Facsimile: 813/274-6103
E-mail: cherie.krigsman@usdoj.gov


*s/ Todd A. Ellinwood*
TODD A. ELLINWOOD
Trial Attorney
United States Department of Justice
Tax Division

U.S. v. JOSEPH NELSON SWEET, ET AL.     Case No. 8:08-Cr-381-T-24EAJ

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Dionja Dyer, Assistant Federal Public Defender

Adam Tanenbaum, Assistant Federal Public Defender

Pat Doherty, Esquire

*s/ Cherie L. Krigsman*
CHERIE L. KRIGSMAN
Assistant United States Attorney
Florida Bar No. 0048764
400 North Tampa Street, Suite 3200
Tampa, Florida  33602
Telephone:   813/274-6344
Facsimile:    813/274-6103
E-mail:  cherie.krigsman@usdoj.gov

*s/ Todd A. Ellinwood*
TODD A. ELLINWOOD
Trial Attorney
United States Department of Justice
Tax Division