UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA  DIVISION


UNITED STATES OF AMERICA


v.                                        Case No. 8:08–cr–00381–T–24–EAJ


JOSEPH NELSON SWEET,
JACK LEE MALONE

_____/


## JURY INSTRUCTIONS

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in

deciding this case.  When I have finished you will go to the jury room and begin your

discussions — what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable

doubt the specific facts necessary to find the Defendant guilty of the crime charged in the

indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you cannot consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

You have seen and heard evidence regarding certain court findings made in connection with the entry of various civil injunctions.

Those findings are only to be considered by you, if at all, for the limited purpose of knowledge and/or willfulness by either or both defendants.

With respect to Counts One and Two, you are not to consider those findings as proof that either or both defendants interfered with the administration of the tax laws. You are to reach your own conclusion based on the evidence presented whether the Government has proven this fact beyond a reasonable doubt.

At this time I will explain the indictment which charges four separate offenses called "counts."  I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.

In summary, Count One charges that both Defendants, Joseph Nelson Sweet and Jack Lee Malone, knowingly and willfully conspired together to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service.

Counts Two through Four, respectively, charge the commission of what are referred to as substantive offenses.  Count Two charges the Defendant, Joseph Nelson Sweet, with corruptly endeavoring to obstruct and impede the due administration of the internal revenue laws of the United States.  Counts Three and Four charge the Defendant, Joseph Nelson Sweet, with criminal contempt, that is willfully and knowingly disobeying and resisting a clear and unambiguous lawful order of a court of the United States.

I will explain the law governing those substantive offenses in a moment.

First, however, as to Count One, you will note that the Defendants are not charged in that Count with committing a substantive offense; rather, they are charged with having conspired to do so.

In Count One, Defendants Joseph Nelson Sweet and Jack Lee Malone, are charged with knowingly and willfully conspiring together to defraud the United States.

Title 18, United States Code, Section 371, makes it a Federal crime or offense for anyone to conspire or agree with someone else to defraud the United States or any of its agencies. To "defraud" the United States means to interfere with or obstruct one of its lawful governmental functions by deceit, craft or trickery.

A "conspiracy" is simply an agreement or a kind of "partnership" in criminal purposes in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is <u>not</u> necessary for the Government to prove that all of the people named in the indictment were members of the scheme; <u>or</u> that those who <u>were</u> members had entered into any formal type of agreement; or that the members had planned together <u>all</u> of the details of the scheme or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

Also, because the essence of a conspiracy offense is the making of the agreement itself (followed by the commission of any overt act), it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case <u>must</u> show beyond a reasonable doubt is:

<u>First</u>:     That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan to defraud the United States, as charged in the indictment;

<u>Second</u>:     That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it;

| | |
|---|---|
| <u>Third</u>: | That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods (or "overt acts") described in the indictment; and |
| <u>Fourth</u>: | That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy. |

An "overt act" is any transaction or event, even one which may be entirely innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy.

A person may become a member of a conspiracy without knowing all of the details of the unlawful scheme, and without knowing who all of the other members are. So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

In Count Two, Defendant Joseph Nelson Sweet is charged with corrupt interference with the due administration of the Internal Revenue laws.

Title 18, United States Code, Section 7212(a), makes it a federal crime or offense for anyone to corruptly endeavor to obstruct or impede the due administration of the Internal Revenue laws.

Joseph Nelson Sweet can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:      That Joseph Nelson Sweet knowingly endeavored to obstruct or impede the due administration of the Internal Revenue laws, as charged; and

Second:     That Joseph Nelson Sweet did so corruptly.

To act "corruptly" means to act knowingly and dishonestly with the specific intent to secure an unlawful benefit either for oneself or for another.

To "endeavor" to obstruct or impede means to engage in some act, or to take some step, in a conscious attempt to obstruct or impede; and to "obstruct or impede" means to hinder or prevent or delay, or make more difficult, the due administration of the Internal Revenue laws. However, it is not necessary for the Government to prove that the administration of the Internal Revenue laws was in fact obstructed or impeded in any way, only that the Defendant corruptly endeavored to do so.

Neither is it necessary that the Government prove all of the alleged ways and means of committing the charged offense as stated in the indictment.  It would be sufficient if the Government proves beyond a reasonable doubt, that the Defendant committed any one of those

alleged ways and means with the corrupt intent to obstruct and impede the due administration of

the Internal Revenue laws; provided, however, you must unanimously agree upon which of those

alleged ways and means the Defendant corruptly committed.

In Counts Three and Four, Defendant Joseph Nelson Sweet is charged with criminal contempt for willfully and knowingly disobeying and resisting a clear, unambiguous, and lawful order of a court of the United States.

Count Three charges Joseph Nelson Sweet with doing so on or about March 2, 2005. Count Four charges Joseph Nelson Sweet with doing so on or about January 1, 2006.

Title 18, United States Code, Section 401(3) provides that, "A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as — (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."

In order to be found guilty of this offense, the United States must prove the following elements beyond a reasonable doubt:

<u>First</u>: that the court entered a lawful order of reasonable specificity;

<u>Second</u>: that the defendant violated the order; and

<u>Third</u>: that the order was violated willfully.

With respect to Counts Three and Four, a "willful" violation of a court order means a deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation.

The following instruction applies to Count Two of the Indictment, impeding the administration of the Internal Revenue laws:

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

As a general rule, ignorance of the law or a mistake of law is no defense to criminal prosecution in the United States. However, there is a "good faith" exception under the federal criminal tax statutes.

"Willfulness" requires the Government to prove that the law imposed a duty on the Defendant, that the Defendant knew of this duty, that he voluntarily and intentionally violated that duty. A defendant does not act willfully if he believes in good faith that he is acting within the law or that his actions comply with the law. This is so even if the Defendant's belief was not objectively reasonable so long as he held the belief in good faith.

Nevertheless, you may consider whether the Defendant's belief about the tax statutes was actually reasonable as a factor in deciding whether he held that belief in good faith. A defendant who knows what the law is and who disagrees with it does not have a bona fide misunderstanding defense. A persistent refusal to acknowledge the law does not constitute a good faith misunderstanding of the law. One is not immune from criminal prosecution if he knows what the law is but believes that it should be otherwise, and therefore violates it.

The Internal Revenue Service is an agency of the United States Department of the Treasury and is responsible for the assessment, ascertainment, computation and collection of federal income taxes, including individual income taxes. The Internal Revenue Service has the authority to enforce the internal revenue laws and to discharge its responsibility relating to the collection of taxes by various methods. The Internal Revenue Service is also responsible for, and possesses the authority, to investigate criminal violations. Its lawful investigative enforcement tools include issuing subpoenas and summons, and executing judicially authorized search warrants.

A person is required to file a federal income tax return for any calendar year in which he or she has gross income in excess of the minimum filing requirement.

To the extent that income taxes are said to be voluntary, they are only voluntary in that one files the returns and pays the taxes without the IRS first telling each individual the amount due and then forcing payment of that amount. The payment of income taxes is not voluntary.

Under the Internal Revenue Code, income earned or generated within a trust is attributed to either the person who places property in the trust, or to the trust, or if a distribution is made toa beneficiary, then to the beneficiary. Income must be reported and taxes due and owing must be paid on the due date following the tax year.

If the trust earns or generates a sufficient amount of income to trigger a tax due and owing, after any deductions, credits, and offsets, then at least one of these three parties is liable for any tax due.

Certain exhibits in the form of charts, summaries, calculations and the like have been received in evidence. Such exhibits are received in evidence where voluminous writings, documents and records are involved. These exhibits are available for your assistance and convenience in considering the evidence.

You will note that the indictment charges that the offense was committed "on or about" a certain date.  The Government does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully,"  as that term is used in Counts One and Two of the Indictment or in these instructions pertaining to Count One and Two, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

In this case you have been permitted to take notes during the course of the trial, and most of you—perhaps all of you—have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

A separate crime or offense is charged against one or more of the Defendants in each count of the indictment. Count One charges both Defendants; Counts Two, Three, and Four charge only Joseph Nelson Sweet. Each charge, and the evidence pertaining to it, should be considered separately. Also, the case of each Defendant should be considered separately and individually. The fact that you may find any one or more of the Defendants guilty or not guilty of any of the offenses charged should not affect your verdict as to any other offense or any other Defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether each Defendant is guilty or not guilty. Each Defendant is on trial only for the specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a Defendant is convicted the matter of punishment is for the Judge alone to determine later.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.