**UNITED STATES COURT OF APPEALS**
For the Eleventh Circuit

------------------

No. 10-12885

------------------

District Court Docket No.
8:08-cr-00381-SCB-EAJ-2

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 26, 2011
JOHN LEY
CLERK

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

versus

JACK LEE MALONE,

      Defendant - Appellant.

------------------

No. 10-15069

------------------

District Court Docket No.
8:08-cr-00381-SCB-EAJ-1

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

versus

JOSEPH NELSON SWEET,

      Defendant - Appellant.

------------------------------------------------

Appeals from the United States District Court for the
Middle District of Florida

------------------------------------------------

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of
this Court.

Entered: October 26, 2011
For the Court: John Ley, Clerk of Court
By: Djuanna Clark

ISSUED AS MANDATE
JAN 03 2012
U.S. COURT OF APPEALS
ATLANTA GA

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

2012 JAN -5 PM 12: 49

FILED

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 10-12885
Non-Argument Calendar

---

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 26, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:08-cr-00381-SCB-EAJ-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACK LEE MALONE,

Defendant-Appellant.

---

No. 10-15069
Non-Argument Calendar

---

D.C. Docket No. 8:08-cr-00381-SCB-EAJ-1

UNITED STATES OF AMERICA,

2012 JAN -5 PM 12:49

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

FILED

Plaintiff-Appellee,

versus

JOSEPH NELSON SWEET,

Defendant-Appellant.

———————————————

Appeals from the United States District Court
for the Middle District of Florida

———————————————

(October 26, 2011)

Before HULL, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Defendants Joseph Sweet and James Malone were involved in a scheme to sell tax-avoidance manuals and trust documents to individuals who wanted to hide their income from the Internal Revenue Service ("IRS"). After a jury trial, Defendants Sweet and Malone were convicted of conspiracy to defraud the United States by advocating the intentional disruption of the assessment, ascertainment and collection of federal income tax, in violation of 18 U.S.C. § 371. Defendant Sweet was also convicted of corrupt interference with internal revenue laws, in violation of 26 U.S.C. § 7212(a), and two counts of criminal contempt, in violation of 18 U.S.C. § 401(3).

2

In this consolidated appeal, Defendant Sweet appeals his convictions and

total 120-month sentence, and Defendant Malone appeals his 60-month sentence.

After review, we affirm.

## I. REASONABLE DOUBT JURY INSTRUCTION

As to his convictions, Defendant Sweet contends that the district court erred

when it gave the Eleventh Circuit Pattern Jury Instruction defining reasonable

doubt.[1] Specifically, Sweet argues that the following language is unnecessarily

confusing and lowered the government's burden of proof: "Proof beyond a

reasonable doubt is proof of such a convincing character that you would be willing

to rely and act upon it without hesitation in the most important of your own

affairs."

This Court has repeatedly upheld the reasonable doubt instruction Sweet

challenges. See, e.g., United States v. James, 642 F.3d 1333, 1337-38 (11th Cir.

2011), cert. denied, 2011 WL 4049497 (U.S. Oct. 11, 2011) (No. 11-6276) ("[W]e

have repeatedly approved of the definition of reasonable doubt provided in the

Eleventh Circuit Pattern Jury Instructions."); United States v. Hansen, 262 F.3d

1217, 1249-50 (11th Cir. 2001); United States v. Daniels, 986 F.2d 451, 457-58,

---

[1]We review jury instructions de novo to determine whether they misstate the law or mislead the jury to the prejudice of the objecting party. United States v. Hansen, 262 F.3d 1217, 1248 (11th Cir. 2001).

readopted in relevant part on reh'g, 5 F.3d 495, 496 (11th Cir. 1993). Although

Sweet cites opinions in other circuits questioning the utility of similar reasonable

doubt instructions, he does not explain how the Eleventh Circuit's Pattern Jury

Instruction misstated the law or misled the jury in his case. As Sweet

acknowledges, we are bound by our precedent upholding the Eleventh Circuit's

Pattern Jury Instruction on reasonable doubt "unless and until it is overruled by

this court en banc or by the Supreme Court." United States v. Brown, 342 F.3d

1245, 1246 (11th Cir. 2003). Therefore, Sweet has not shown error in the district

court's reasonable doubt jury instruction.

## II. LOSS CALCULATION

Defendant Malone argues that the district court improperly calculated the

tax loss attributed to him for purposes of determining his base offense level under

the Sentencing Guidelines.[2]

When tax evasion results in a tax loss to the government, a defendant's base

offense level is determined using the tax table in U.S.S.G. § 2T4.1. See U.S.S.G.

§ 2T1.1(a)(1). Tax loss is defined as "the total amount of loss that was the object

of the offense." U.S.S.G. § 2T1.1(c)(1). In calculating the tax loss, "all conduct

---

[2]We review a district court's calculation of the amount of tax loss for clear error. United States v. Patti, 337 F.3d 1317, 1323 (11th Cir. 2003).

4

violating the tax laws should be considered as part of the same course of conduct or common scheme or plan unless the evidence demonstrates that the conduct is clearly unrelated." U.S.S.G. § 2T1.1, cmt. n.2.

At sentencing, over Defendant Malone's objection, the district court calculated a tax loss of $2,882,200, which resulted in a base offense level of 24, pursuant to the tax table. See U.S.S.G. § 2T4.1(J) (designating a base offense level of 24 for a tax loss of more than $2.5 million but less than $7 million). The district court's loss calculation included the government's losses from fourteen clients of the JoY Foundation, the multi-level marketing tax scheme created by Defendants Malone and Sweet.

The district court's finding that the tax losses from JoY Foundation clients were attributable to Defendant Malone is not clearly erroneous. Malone does not dispute that he sold the JoY Foundation's tax program to the fourteen JoY Foundation clients or the tax loss amount assigned to each client. The JoY Foundation provided clients with program materials, such as books and form letters, that instructed clients not to file federal income tax returns under the theory that wages earned were not subject to taxation. In addition, the JoY Foundation sold clients trust documents developed by Sweet to purportedly shelter clients' assets from taxation and advised clients on how to respond to IRS inquiries and

5

levies.

Defendant Malone was found guilty of a conspiracy that used the marketing of sham trusts to help individuals conceal income and assets and prevent the assessment, ascertainment and collection of taxes. Although some of the JoY Foundation's clients already had ceased paying taxes before becoming clients, the district court found that Malone encouraged these clients to continue their tax evasion. Thus, part of the object of the conspiracy was the continued tax evasion by the JoY Foundation clients, and the clients' continued failure to pay their taxes was part of "the same course of conduct or common scheme or plan." See U.S.S.G. § 2T1.1, cmt. n.2. Accordingly, the district court properly attributed these clients' tax losses to Malone.

### III. OBSTRUCTION OF JUSTICE ENHANCEMENTS

Both defendants challenge the district court's imposition of a 2-level obstruction of justice enhancement.[3]

A defendant's offense level is increased by 2 levels if he "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of

---

[3]With respect to an obstruction of justice enhancement, we review a district court's factual findings for clear error and its application of those facts to the guidelines de novo. United States v. Bradberry, 466 F.3d 1249, 1253 (11th Cir. 2006). For factual findings to be clearly erroneous, we "must be left with a definite and firm conviction that a mistake has been committed." United States v. Rodriguez-Lopez, 363 F.3d 1134, 1137 (11th Cir. 2004) (quotation mark omitted).

justice with respect to the investigation, prosecution, or sentencing of the instant

offense of conviction" and "the obstructive conduct related to" the defendant's

offense of conviction, his relevant conduct or a closely related offense. U.S.S.G.

§ 3C1.1. A defendant obstructs justice by "committing, suborning, or attempting

to suborn perjury, including during the course of a civil proceeding if such perjury

pertains to conduct that forms the basis of the offense of conviction." U.S.S.G.

§ 3C1.1, cmt. n.4(B). Perjury occurs when a defendant offers "false testimony

concerning a material matter with the willful intent to provide false testimony,

rather than as a result of confusion, mistake, or faulty memory." United States v.

Dunnigan, 507 U.S. 87, 94, 113 S. Ct. 1111, 1116 (1993).

A defendant also obstructs justice by "providing materially false

information to a judge or magistrate." U.S.S.G. § 3C1.1, cmt. n.4(F). A statement

is "material" where it, "if believed, would tend to influence or affect the issue

under determination." U.S.S.G. § 3C1.1, cmt. n.6. A defendant's material false

statement, when made to a judge or magistrate, does not have to interfere with the

investigation or prosecution for the obstruction of justice enhancement to apply.

United States v. Ruff, 79 F.3d 123, 125-26 (11th Cir. 1996).

Here, the district court did not err in imposing the 2-level obstruction of

justice enhancement as to either defendant, albeit on different grounds. With

regard to Defendant Sweet, the record indicates that he provided false information to a district court in a civil lawsuit filed against him by the Tax Division of the Department of Justice. On January 30, 2002, the district court granted a default judgment and permanent injunction against Sweet and ordered Sweet to provide copies of the order to all individuals and entities who had purchased Sweet's tax-avoidance manuals and trust documents and to produce records identifying those individuals and entities. In response, on March 20, 2002, Sweet filed a document entitled "Compliance with Court Order" in which he denied possessing the names and addresses of anyone who had purchased his manual or trust documents or any records related to those sales.

Defendant Sweet does not dispute that his statements in his filing were false. Indeed, at trial, an IRS agent testified that during a search of Sweet's home, agents found numerous boxes containing, among other things, documents relating to Sweet's promotion of the tax-avoidance program and his selling of trust documents, including client lists and order forms.

The IRS's criminal investigation of Sweet began in early 2001. Sweet ultimately was charged with a fraud conspiracy in which his sale of his manual and trust documents to clients to aid their evasion of internal revenue laws was an integral element of the scheme. Under the circumstances, the existence of records

8

demonstrating that such sales had taken place was material to both the district

court's efforts to enforce its civil injunction and the IRS's ongoing criminal

investigation of Sweet for tax fraud.  See United States v. Dedeker, 961 F.2d 164,

167 (11th Cir. 1992) ("Under the commentary to section 3C1.1, the threshold for

materiality is conspicuously low.").   Moreover, Defendant Sweet's materially

false statements to the district court in the government's civil tax proceedings

related to Sweet's offenses of conviction given that it was reasonably foreseeable

that further government investigation might result in criminal charges for a tax

fraud conspiracy.  See United States v. Amedeo, 370 F.3d 1305, 1320 (11th Cir.

2004) (concluding that defendant's obstructive conduct during police investigation

of a drug overdose was "related directly and foreseeably" to defendant's

subsequent conviction for cocaine distribution).  Accordingly, Sweet's conduct

falls within § 3C1.1's obstruction of justice enhancement.

    As for Defendant Malone, the record shows that he testified at his criminal

trial that he did not know about the civil injunction issued against Sweet or recall

receiving correspondence from the IRS informing him that he was covered by the

injunction.  Although Malone admitted he had signed a response form to the IRS's

letter, he said he did not remember doing so.  At sentencing, the district court

found that Malone "conveniently didn't remember a number of things," about the

correspondence with the IRS and the Sweet injunction, that Malone was not honest about what he had received from the government and that his purported failure to remember was an attempt to sway the jury and obstruct justice.

The district court's finding that Defendant Malone perjured himself was not clearly erroneous. Malone contends his testimony about receiving the IRS's letter was the result of a faulty memory and not willful. However, the district court found that Malone feigned his faulty memory, a credibility determination to which we owe considerable deference. See Amedeo, 370 F.3d at 1318 (explaining that we accord "special deference" to a district court's determination that a defendant obstructed justice if it involves a credibility assessment). Moreover, Malone's perjury was material given that the district court found it represented an attempt to sway the jury as to his guilt for the offense of conviction.

For these reasons, the district court did not err in imposing the 2-level obstruction of justice enhancement when calculating the advisory guidelines ranges for Defendants Sweet and Malone.

**AFFIRMED.**

A True Copy  Attested.
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
        Deputy Clerk
      Atlanta, Georgia

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 3, 2012

Sheryl L. Loesch
United States District Court
801 N FLORIDA AVE RM 200
TAMPA, FL 33602-3849

Appeal Number: 10-12885-AA ; 10-15069 -AA
Case Style: USA v. Jack Malone
District Court Docket No: 8:08-cr-00381-SCB-EAJ-2

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

The record on appeal will be returned to you at a later date.

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Eleanor M. Dixon
Phone #: (404) 335-6172

Enclosure(s)

MDT-1 Letter Issuing Mandate